## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SOOK YOON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. AW-08-3173 |
| | ) | |
| KATHLEEN SEBELIUS[1] | ) | |
| Secretary, United States | ) | |
| Department of Health and Human Services | ) | |

## MEMORANDUM OPINION

Pending before this Court is Defendant's Motion to Dismiss, or alternatively, for Summary Judgment (Doc. No. 9). Plaintiff Sook Yoon, is bringing claims of race and national origin discrimination and hostile work environment under Title VII against her employer the National Institutes of Health. The Court has reviewed the record as well as the pleadings with respect to this motion and finds that no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated more fully below, the Court will **DENY IN PART AND GRANT IN PART** Defendant's Motion for Summary Judgment.

## FACTUAL BACKGROUND

Plaintiff, Sook Yoon, R.N. ("Yoon" or "Plaintiff"), is an Asian female of Korean origin,[2] and has been employed with the Defendant, National Institutes of Health ("NIH" or "Defendant"), as a Clinical Research Nurse in Bethesda, Maryland since June 12, 2005. During the time period relevant to this case, Yoon's immediate supervisor was Ann Marie Matlock, R.N.

---

[1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kathleen Sebelius replaced Michael Leavitt as Secretary of the Department of Health and Human Services and thus is automatically substituted as the Defendant in this action.

[2] The briefings on the pending motion fail to state the citizenship of the Plaintiff.

("Matlock").   Throughout her employment, Plaintiff received three letters informing her of complaints against her by both patients and staff.

First, Plaintiff received a "Memorandum of Concern" dated November 3, 2006, in which Matlock informed Yoon of complaints from both patients and staff concerning Yoon's attitude, patient care, and communication skills.   In part, the memo addressed complaints that Yoon did not provide medication to a patient and that Yoon complained about assignments made by the charging nurses, at times making them cry.   However, Matlock clarified that the memo was not a disciplinary action, although disciplinary action could result from Yoon's failure to follow instructions to improve her communication skills and comply with Matlock's expectations for patient care and staff interaction.   Plaintiff counters that the patients involved in these incidents where known for being difficult and disputes that she made staff members cry.

In a December 14, 2006, letter Plaintiff was informed of her misconduct regarding a November 7, 2006, incident in which Yoon allegedly called a patient crazy while the patient was present, and stated that the patient was not in pain.   Plaintiff also received notice from Matlock concerning Plaintiff's purported failure to document the care of a patient who was being fed through a tube in accordance with the Standards of Practice.   During a December 2006 performance evaluation, Plaintiff was rated as "minimally satisfactory."

On May 1, 2007, Yoon allegedly failed to follow a doctor's directive to transport a patient for an urgent procedure and refused to provide food to the patient as the physician ordered.   Plaintiff claims that she declined to follow the orders because she believed that given the patient's history that he should not have been transported without a respiratory monitoring machine and that the food was not ordered because the procedure required that the patient's stomach be empty.   In any event, the incident involved a dispute between the doctor and Yoon in

the patient's presence, and Patricia Littel, R.N., intervened to transport the patient.  Following this incident, on August 17, 2007, Plaintiff was suspended without pay for 30 days commencing in November 2007.

Plaintiff first sought EEO counseling on September 24, 2007, and participated in an interview on October 10, 2007.  After the EEO counseling failed to resolve Plaintiff's concerns, Plaintiff filed a complaint with the EEO office on November 2, 2007, alleging that her 30-day suspension constituted retaliation[3], race discrimination, and race harassment.[4]  The Defendant investigated the Plaintiff's claims and Plaintiff requested a Final Agency Decision ("FAD").  On August 18, 2008, the Defendant issued the FAD finding that no discrimination had occurred. Plaintiff then filed this compliant on November 24, 2008, alleging discrimination based on race and national origin and hostile work environment harassment based on race.

## STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint.  *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Generally, a complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Nevertheless, the Supreme Court has directed courts that Rule 8 still requires a showing of "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff.  *See Harrison v.*

---

[3] The Defendant dismissed the retaliation claim in the administrative proceeding because Plaintiff failed to engage in protected activity before the alleged acts of discrimination occurred, and Plaintiff's judicial complaint does not allege a claim for retaliation.

[4] Plaintiff did not allege national origin discrimination in her administrative complaint.

*Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In sum, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

A motion to dismiss will be treated as a motion for summary judgment, "if matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). "As a general rule summary judgment is appropriate only after 'adequate time for discovery.'" *Evans v. Techns. Application & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) (internal citations omitted). Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). While the evidence of the nonmoving party is to be believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine dispute of

material fact through mere speculation or compilation of inferences.  *See Deans v. CSX Transp., Inc.,* 152 F.3d 326, 330-31 (4th Cir. 1998).  Additionally, hearsay statements or conclusory statements with no evidentiary basis cannot support or defeat a motion for summary judgment. *See Greensboro Prof'l Fire Fighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995).

## ANALYSIS

### I.     National Origin Discrimination Claim

Defendant first argues that Plaintiff's national origin claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because she failed to list national origin in her administrative claim.  As stated by Defendant, Plaintiff is required to exhaust administrative remedies before bringing a claim for employment discrimination in federal court.  42 U.S.C. §§ 2000e-16(b)-(c) (2006); *see Bryant v. Bell Alt. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). "The exhaustion requirement ensures that the employer is put on notice of the alleged violations so that the matter can be resolved out of court . . . if possible." *Miles v. Dell, Inc.*, 429 F.3d 480, 490 (4th Cir. 2005) (internal citations omitted).  As articulated in *Bryant*, and held throughout this Circuit, although "the EEOC charge defines the scope of the plaintiff's . . . civil suit," that administrative charge "*does not strictly* limit a Title VII suit which may follow; rather, the scope of the civil suit is confided only by the scope of the administrative investigation that can reasonably be expected to follow the charge." *Bryant*, 288 F.3d at 132 (internal quotations omitted).  In fact, in a recent decision, this Court reiterated that the Fourth Circuit "has held that if the factual allegations in the administrative charge are reasonably related to the factual allegations in the formal litigation, the connection between the charge and the claim is sufficient." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247-48 (4th Cir. 2000).

Here, the Plaintiff's factual allegations in her administrative complaint with the EEO office are substantially similar to her judicial complaint.   She alleges the same incidents and actors that she presented in her charge of discrimination.  Furthermore, the administrative charge, and following investigation, repeatedly refers to Plaintiff's communication difficulties and at least one witness associates that difficulty with the fact that Plaintiff is not a native English speaker.   The Court believes that Plaintiff has sufficiently demonstrated that her claim of national origin discrimination is reasonably related to her charge of racial discrimination in the administrative process and that there were enough factual allegations to put Defendant on notice of a national origin claim.   Therefore, this Court is not prepared to dismiss the Plaintiff's claim of national origin discrimination based on her mere technical failure to check the appropriate box.

## II.     Discrimination Claim

Plaintiff alleges that she was discriminated on the basis of her race when the Defendant imposed a 30-day suspension as a result of her failure to follow a physician's orders because white nurses received less severe discipline for their misconduct.   The Defendant seeks to dismiss the Plaintiff's race discrimination complaint under Rule 12(b)(6) by arguing that the Plaintiff cannot allege sufficient facts to support a prima facie case of discrimination. Specifically, Defendant argues that the documented evidence of Plaintiff's alleged misconduct prior to 30-day suspension and its investigatory report of the incident leading to her suspension demonstrate that Plaintiff did not perform her job duties satisfactorily.   Moreover, they allege that Plaintiff has not identified white nurses who were similarly situated to her, including working under the same supervisor or engaging in the same conduct without other mitigating factors.

6

However, as Plaintiff states in her opposition and accompanying affidavit, she has not yet had the opportunity to conduct discovery on these issues. Part of Plaintiff's complaint of discrimination is that the Defendant treated minority nurses more harshly than white nurses for misconduct, and thus the Court believes that she should be given the opportunity to discover evidence supporting this allegation. Plaintiff claims that complaints about her job performance are unfounded because some of the patients who made complaints were known for being difficult. Moreover, the Plaintiff has referenced specific white nurses who allegedly were subjected to less harsh punishment, and the Court believes that she should have the opportunity to conduct discovery on this issue before her claim is dismissed. Finally, the Court further believes that Plaintiff is entitled to reasonable discovery on her claim that the Defendant acted with a discriminatory motive.[5]  Therefore, the Court finds that Plaintiff has alleged sufficient facts to make out a plausible claim for discrimination and thus will permit the parties to engage in discovery to the extent that it is not duplicative of the investigation of the EEO complaint.

## III.    Hostile Work Environment Claim

Plaintiff alleges that she was subjected to hostile work environment based on race because she received three letters counseling her on her purported misconduct and the 30-day suspension. Defendant argues that as a matter of law, three letters informing Plaintiff of complaints about her interactions with patients and staff and the single incident of a 30-day suspension for Plaintiff's failure to follow a physician's instructions is not sufficiently severe or pervasive to support a claim for hostile work environment. Plaintiff counters that she has meet the liberal notice pleading requirements as set forth under Federal Rule of Civil Procedure 8 by merely pleading a hostile work environment claim. However, as noted by both parties, the

---

[5] The Court notes that the Plaintiff's Opposition to the Motion to Dismiss, or alternatively, for Summary Judgment (Doc. No. 16) is styled as Motion for Discovery, although it is not docketed as such. To the extent that the Plaintiff intended to file a motion for discovery it is GRANTED.

Supreme Court clarified that a compliant must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  It appears that Plaintiff has available all facts relating to her hostile environment claim, namely that she received three letters informing her of misconduct and a 30-day suspension for refusing to follow a physician's orders, and thus no discovery is warranted on this claim.  Accordingly, the Court believes that there are no plausible facts to support the Plaintiff's claim that these disciplinary measures constitute sufficiently severe or pervasive harassment and will dismiss this claim.

### CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss, or alternatively, for Summary Judgment is **DENIED** with respect to the Plaintiff's national origin and race discrimination claim and **GRANTED** with respect to her hostile work environment claim.  A separate Order shall follow this Memorandum Opinion.


January 13, 2010                                                      /s/
        Date                                         Alexander Williams, Jr.
                                                     United States District Court Judge