UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MD 20770
(301) 344-0393
FAX (301) 344-0394

July 9, 2010

**VIA ELECTRONIC FILING**

Charles W. Day, Jr., Esq.
Gebhardt and Associates
1101 17th Street, NW, Suite 807
Washington, DC 20036

Melanie L. Glickson, Esq.
Maryland Office of the
United States Attorney
36 South Charles Street, Fourth Floor
Baltimore, MD 21201

Re: <u>SookYoon v. Kathleen Sebelius</u>
    Civil Action No.: CBD-08-3173

Dear Counsel:

    The Court has received Plaintiff's Motion for a 30-Day Extension of Discovery ("Plaintiff's Motion") (Docket Item No. 37). The Court has reviewed Plaintiff's Motion and all related briefings. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons stated below, the Court DENIES Plaintiff's Motion.

### I.   Parties Arguments

    Plaintiff requests a 30-day extension to the discovery period, proposing the extended period run from July 9, 2010 through August 9, 2010. Plaintiff requests this extension to contend with an outstanding issue related to Plaintiff's production of medical records, anticipated issues relating to Defendant's discovery responses, and the possibility of unforeseen issues. Plaintiff also requests a second deposition of Ann Marie Matlock. Defendant opposes the discovery extension, indicating that the parties have had an ample discovery period. Additionally, Defendant recognizes that it did, at one point, favor extending the discovery period because five depositions had not yet been scheduled, however those dates have been set and there are no other outstanding discovery issues.

### II.   Analysis

    *i. Extension of Discovery Period*

    Under Fed. R. Civ. P. 26(b)(2)(C)(ii), a court, either by motion or on its own, "must limit the . . . extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." The parties in this case have had a discovery period extending over five months, from February 24, 2010 through July 9, 2010. This is an ample discovery period and

Plaintiff does not argue to the contrary.  Instead, Plaintiff's counsel essentially informs the Court that he has been too busy to attend to discovery matters in this case.  Courts in the District of Maryland have denied discovery extension requests in similar cases where a movant's actions were less dilatory than Plaintiff's here.  See Lyles v. Alamo Rent-A-Car, Inc., No. Civ. H-00-786, 2000 WL 1744934, at *2 (D. Md. Nov. 17, 2000).

Plaintiff argues that Ann Marie Matlock's evasive answers during deposition necessitate a second deposition and a discovery period extension.  However, Plaintiff's counsel raised the need to extend the deadline with Defendant on June 3, 2010 and reiterated that need on June 17, 2010, well before Matlock's deposition on June 28, 2010.  Plaintiff's Motion Ex. 2, 3.  When he proposed the extension to Defendant, Plaintiff's counsel could not have known the substance of Ms. Matlock's deposition.  Therefore, using this as a rationale for an extension falls short.  Plaintiff also suggests that she has not received Defendant's discovery responses and requests the extension to address potential issues arising from those responses.  First, the Court will not grant an extension based on conjecture.  Second, while Plaintiff's discovery requests fell within the allotted discovery period, Plaintiff made them a mere 30 days before the five-month period ended.  Plaintiff now requests and extension to follow-up on information acquired from those discovery requests.  The Court declines to extend discovery to allow Plaintiff to pursue additional discovery, when she had many months to make both her initial and follow-up discovery requests.  Plaintiff has not demonstrated good cause to extend the discovery period.  On the facts presented in Plaintiff's Motion, the Court is not inclined to extend the discovery period for general discovery matters.

### ii.  Plaintiff's Request to Re-Depose Anne Marie Matlock.

Plaintiff appears to argue that Ms. Matlock's deposition responses establish a failure to answer or respond under Fed. R. Civ. P. 37(a)(4).  However, Plaintiff has not provided the Court with sufficient grounds to establish her responses as evasive and therefore, cannot rely on evasion to extend the discovery deadline.  See Lyles, 2000 WL 1744934, at *2.  Most importantly, Plaintiff's fails to properly request her second deposition as a motion to compel or other relief pursuant to Local Rule 104.8 (D. Md.).  The Court will not consider Plaintiff's request to re-depose Ms. Matlock without a motion properly submitted.

## III.  Conclusion

For the foregoing rationale, the Court DENIES Plaintiff's Motion.  Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an Order of the Court.

Very truly yours,
_____/s/_____
Charles B. Day
United States Magistrate Judge

CBD/ec